This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: February 12, 2024**

**NO. S-1-SC-39191**

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.

**JAMES W. LOGAN,**

Defendant-Petitioner.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**BRETT R. LOVELESS, District Judge**

Peifer, Hanson, Mullins & Baker, P.A.
Mark T. Baker
Rebekah A. Gallegos
Albuquerque, NM

for Petitioner

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Respondent

## DISPOSITIONAL ORDER OF DISMISSAL

**THOMSON, Justice.**

**{1}** THIS MATTER came before the Court on the grant of a petition for writ of certiorari filed by Defendant in response to the Court of Appeals rejection of Defendant's direct appeal, challenging a victim restitution award imposed by the district court as part of Defendant's sentence. *State v. Logan*, A-1-CA-38601, mem. op. ¶ 1 (N.M. Ct. App. Dec. 23, 2021) (nonprecedential). Presently before the Court is the State's motion,

brought in response to defense counsel's filing of a suggestion of Defendant's death, to substitute defense counsel as party defendant and proceed with the appeal. Having reviewed the motion and being otherwise fully informed on the issues and applicable law, we conclude that there is no reasonable likelihood that a decision or formal opinion of the Court would materially advance the law of the state. We therefore dispose of the State's substitution motion and with it the entire appeal, by nonprecedential order. *See* Rule 12-405(B) NMRA.

**IT IS THEREFORE ADJUDGED THAT:**

**{2}** The proper resolution of the State's substitution motion is governed by this Court's opinion in *State v. Salazar*, 1997-NMSC-044, 123 N.M. 778, 945 P.2d 996. In *Salazar*, this Court modified, but did not abandon outright, the common law doctrine of abatement *ab initio*, under which "the prosecution abates from the inception of the case upon death of a criminal defendant." *Id.* ¶ 20. The *Salazar* Court maintained the doctrine as a viable remedy in circumstances where a defendant dies pending direct appeal of a conviction, while providing for an additional remedy in the form of a substitution procedure—the remedy the Court applied in that case to continue the defendant's appeal. *Id.* ¶ 25. The roots of this substitution procedure lie in the rule of appellate procedure governing the death and substitution of a party, by which an appellate court "may allow or provide for substitution of the decedent and permit continuation of the appeal." *Id.* ¶¶ 24-28 ("[W]e permit the appeal to move forward and appoint defense counsel of record as the Defendant's substitute for the remainder of the proceeding."); *see* Rule 12-301(A) NMRA (providing for substitution of a party upon the party's death).

**{3}** The critical and controlling consideration in disposing of the matter at hand is that the *Salazar* Court expressly cabined the application of the substitution remedy it endorsed "to cases involving the death of a defendant who possesses *a direct appeal as of right* to a criminal conviction." 1997-NMSC-044, ¶ 30 (emphasis added). The Court made clear that the substitution remedy is not to be used in situations involving defendants who "die during pendency of discretionary post-conviction remedies." *Id.* For those circumstances, *Salazar* narrowly prescribed a single, two-pronged remedy: "the [certiorari or other discretionary] petition *will be dismissed as moot*, and the verdict *will stand*." *Id.* (emphasis added); *see also State v. Tsosie*, 2022-NMSC-017 516 P.3d 1116; Order on Suggestion of Death and Motion to Abate or Appoint Substitute Party, ¶ 12, *State v. Tsosie*, S-1-SC-38418 (N.M. Sept 13, 2022) (appending the *Tsosie* opinion at publication and reaffirming the core teaching of *Salazar*, as relevant here, "that substitution is not an available remedy where a criminal defendant 'die[s] during pendency of discretionary post-conviction remedies,' in which case 'the petition will be dismissed as moot, and the verdict will stand'" (emphasis omitted) (quoting *Salazar*, 1997-NMSC-044, ¶ 30)).

**{4}** The respective counsel in this case join in seeking to invoke a substitution remedy and rely heavily on *Salazar* to support their shared request. In doing so, however, each side either ignores or misinterprets the same key temporal aspect of *Salazar*'s analysis highlighted above: the dispositive impact of the sequencing of a defendant's death in relation to the pendency of the defendant's direct appeal in

determining the availability of substitution. 1997-NMSC-044, ¶ 30. We decline to adopt these mutually flawed analyses, and dispose of the matter by fulfilling our independent duty of review. *See generally State v. Comitz*, 2019-NMSC-011, ¶ 25, 443 P.3d 1130 (stating that appellate courts are not bound by the state's concessions and must "independently assess" the claims raised by the defense); *State v. Harrison*, 2010-NMSC-038, ¶ 15, 148 N.M. 500, 238 P.3d 869) (stating that appellate courts are not bound by a defendant's concessions).

**{5}** As indicated, neither the State nor defense counsel addresses, much less questions, the wisdom of the temporal exception carved out by the *Salazar* Court to its substitution remedy for defendants who die following denial of their direct appeals and pending subsequent discretionary review. In this posture, we decline to tinker with the reach or scope of *Salazar*'s long-established abatement rule. *See State v. Riley*, 2010-NMSC-005, ¶ 41, 147 N.M. 557, 226 P.3d 656 (Chavez, C. J., specially concurring) (cautioning courts to refrain from considering *sua sponte* whether case precedents should be overturned), *overruled on other grounds by State v. Montoya*, 2013-NMSC-020, 306 P.3d 426.

**{6}** WE THEREFORE DENY the State's substitution motion, DISMISS Defendant's discretionary appeal, and REMAND the matter for such further proceedings as may be appropriate under the Court of Appeals' memorandum opinion affirming the restitution award imposed by the district court.

**{7}** **IT IS SO ORDERED.**

**DAVID K. THOMSON, Justice**

**WE CONCUR:**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**

**JENNIFER DELANEY, Judge**

**MICHAEL E. VIGIL, Justice, dissenting**

**VIGIL, Justice (dissenting).**

**{8}** While I agree that the appeal should be dismissed, I dissent from the majority's dispositional order of dismissal (*Logan* order) for the following reasons.

**{9}** The *Logan* order says the State's motion to substitute counsel is governed by *State v. Salazar*, 1997-NMSC-044, 123 N.M. 778, 945 P.2d 996. *See Logan order* ¶ 2. *Salazar* modified the abate ab initio rule when a defendant dies during the pendency of a direct appeal as of right under Article VI, § 2 of the New Mexico Constitution. *Salazar*, 1997-NMSC-044, ¶ 29. In such a case, because a court cannot abate a case in

piecemeal fashion by permitting the verdict to stand while dismissing or abating the appeal, the court in its discretion may either (1) continue the appeal to its completion or (2) "completely abate the proceedings to their inception." *Id.* ¶¶ 24-25, 29. However, *Salazar* also directed that the modified rule "does not apply to defendants who die during pendency of *discretionary post-conviction remedies*; where a defendant dies pending *such discretionary actions*, the petition will be dismissed as moot, and the verdict will stand." *Id.* ¶ 30.

**{10}** The *Logan* order proceeds to assume, without any analysis or legal support whatsoever, that the case before us is a "discretionary post-conviction remed[y]" under *Salazar* because the case is before us on a writ of certiorari to the Court of Appeals. *Logan order* ¶ 3. The *Logan* order makes this assumption clear by quoting *Salazar* to state that during the pendency of "'post-conviction remedies,'" if a defendant dies "'the [certiorari or other discretionary] petition will be dismissed as moot, and the verdict will stand.'" *Logan order* ¶ 3 (alteration in original) (emphasis omitted). Respectfully, *Salazar* does not describe a case on certiorari to the Court of Appeals as in this class of cases.

**{11}** In fact, an argument can be made that *Salazar*'s reference to "post-conviction remedies" is to motions for post-conviction relief. *See* Rules 5-614, 5-801, and 5-802 NMRA and NMSA 1978 Section 39-1-1 (1917); *see generally State v. Peppers*, 1990-NMCA-057 ¶¶ 4-13, 110 N.M. 393, 796 P.2d 614 (describing the evolution and relationship of post-conviction remedies available under our rules and statutes). If a defendant pursues discretionary post-conviction relief under our rules, appeals, and dies while the appeal is pending, it makes sense that the appropriate remedy is to dismiss the appeal as moot and let the verdict stand. However, I do not take a position on this question, as it is not before us.

**{12}** The parties have not presented arguments on what the term "discretionary post-conviction remedies" means, and the *Logan* order itself cautions against *sua sponte* tinkering "with the reach or scope of *Salazar*'s long-established abatement rule." *Logan order* ¶ 5. Moreover, if this Court is going to expand on what the language in *Salazar* means, I respectfully submit it should do so with legal support and analysis and not mere declaration.

**{13}** After this Court filed the opinion in *State v. Tsosie*, 2022-NMSC-017, 516 P.3d 1116, but before its publication, defense counsel advised the Court that the defendant had died, and this Court ordered that defense counsel be appointed to substitute for the defendant for the remainder of the proceeding. Order, *State v. Tsosie* (*Tsosie order*), S-1-SC-38418 ¶¶ 1-2, 14-16 (N.M. Sept. 13, 2022) (appending the *Tsosie* opinion, 2022-NMSC-017, before that opinion's publication). What the majority overlooks is that *Tsosie* came before this Court on a writ of certiorari. *See* 2022-NMSC-017, ¶ 20. The *Logan* order in this case is therefore squarely at odds with this Court's 2022 *Tsosie order*. Some explanation should be given for departing from so recent a precedent, and there is none.

**{14}** I dissented in the *Tsosie order* because the direct-appeal component of *Salazar* was missing, and I therefore concluded that the general rule of abate ab initio applied.

*Tsosie order*, S-1-SC-38418 ¶ 21 (Vigil, J., dissenting). I conclude in this case as well that the general rule of abate ab initio applies.

**{15}** For the foregoing reasons, as well as my dissent in the *Tsosie order*, I conclude that this appeal should be dismissed and that the general rule of abate ab initio applies. Therefore, the proceedings should be completely abated to their inception. Since the majority disagrees, I dissent.

**MICHAEL E. VIGIL, Justice**